Alberto **MARTINEZ–LOPEZ**; et al., Petitioners,

v.

Eric H. **HOLDER, Jr.,** Attorney General, Respondent.

No. 07–74706.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2009.\*

Filed March 26, 2009.

Before: LEAVY, HAWKINS and TASHIMA, Circuit Judges.

MEMORANDUM \*\*

Alberto Martinez–Lopez and Maria Teresa Martinez, natives and citizens of Mexico, petition for review of a Board of Immigration Appeals decision dismissing their appeal of an immigration judge's denial of their application for cancellation of removal, based on the failure to establish an exceptional and extremely unusual hardship to their United States citizen children and Martinez's United States citizen mother. To the extent we have jurisdiction, it is under 8 U.S.C. § 1252. We review legal and constitutional issues de novo, including due process claims. *Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005); *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000). We dismiss in part and deny in part the petition for review.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We lack jurisdiction to review the agency's discretionary determination that petitioners failed to show exceptional and extremely unusual hardship to a qualifying relative. 8 U.S.C. § 1252(a)(2)(B); *Mendez–Castro v. Mukasey*, 552 F.3d 975, 979 (9th Cir.2009). Petitioners' contention that the Board failed to adequately consider and weigh all evidence of hardship does not raise a colorable due process claim. *Martinez–Rosas*, 424 F.3d at 930.

Petitioners' contention that the hardship standard for cancellation of removal violates equal protection is unavailing because the citizen child of a person unlawfully present in the United States is not similarly situated to the citizen child of a person lawfully present in the United States. *Dillingham v. INS*, 267 F.3d 996, 1007 (9th Cir.2001).

**PETITION FOR REVIEW DISMISSED in part and DENIED in part.**